# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOHN M. GRYSHO AND PETRA R. | § | CASE NO. 06-10001 |
| GRYSHO a/k/a MICHAEL GRYSHO | § | Chapter 7 |
| d/b/a GREYSON BUILDERS, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| ROBERT K. DOWD AND | § | |
| GEORGEANA HUNTON, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | ADVERSARY NO. 06-01208 |
| | § | |
| JOHN M. GRYSHO AND PETRA R. | § | |
| GRYSHO a/k/a MICHAEL GRYSHO | § | |
| d/b/a GREYSON BUILDERS, | § | |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE WILLIAM C. HILLMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Plaintiffs Robert K. Dowd and Georgeana Hunton (collectively "Plaintiffs") file this their Motion for Summary Judgment in the above referenced adversary proceeding and in support thereof state:

### I.

### JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (I) and (O).

### II.

### SUMMARY JUDGMENT EVIDENCE

Plaintiffs submit the following evidence in support of their Motion:

Exhibit A:   Affidavit of Robert K. Dowd

Exhibit B:   Affidavit of Georgeana Hunton

Exhibit C:　　Affidavit of Bill Swanson

Exhibit D:　　Affidavit of Linda Cipro

## III.

## STATEMENT OF FACTS

1. On or about April 1, 2005, Plaintiffs entered into an agreement with Michael Grysho d/b/a Greyson Builders for the renovation of the property at 229 Old Main Street, South Yarmouth, Massachusetts pursuant to that certain Proposal and Agreement for Price Planning dated April 1, 2005 (the "Agreement").

2. Prior to entering into the Agreement, Grysho represented that he was a licensed builder, remodeler, or general contractor with the experience and the ability to request or pull all permits necessary to complete the renovations to the property. However, such representation was false.

3. Prior to entering into the Agreement, Grysho further represented that he had the financial resources or credit necessary to complete the renovations to the property. Plaintiffs expressly demanded that the contract would be completed as an AIA contract to be paid on completion of each phase of the construction. Grysho represented that he had completed several comparable projects on homes with values in excess of $500,000.

4. Plaintiffs specifically asked Defendant about his liabilities, including any amounts owed to the Internal Revenue Service, and any liens assessed against his assets. Although Defendant represented he had no such liabilities, in fact he had not paid income taxes for the prior two years. Defendant further represented that he sufficient credit to purchase materials necessary to complete the project. However, such representations were false.

5. Plaintiffs expressly requested E.F. Winslow Plumbing and Heating Co., as the sub-contractor for all plumbing and heating. Grysho represented that he had worked

**MOTION FOR SUMMARY JUDGMENT**

with Winslow in the past and had a good relationship with them. However, such representations were false; Winslow refused to work on any project wherein Grysho was involved as a result of past dealings with him.

6.     On or about April 1, 2005, Plaintiffs paid Grysho $10,000 pursuant to the Agreement. However, Defendant failed or refused to perform his obligations pursuant to the Agreement.

7.     Defendant made the above representations with the intent of inducing Plaintiffs to enter into the Agreement. Plaintiffs relied on the above express representations when entering into the Agreement. But for such representations, Plaintiffs would not have entered said Agreement.

## IV.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Genuine means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." *Rodriguez-Pinto v. Tirado-Delgado*, 982 F.2d 34, 38 (1st Cir. 1993)(quoting *United States v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir. 1992). "Material means that the fact has the potential to affect the outcome of the suit under applicable law." *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993). Inferences from the underlying facts must be viewed in the light most favorable to the party opposing the Motion. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co., Ltd. V. Zenith RadioCorp.*, 475 U.S. 574, 587-88 (1986); *Maldonado-Denis v. Castillo-Rodriguez*, 23 F. 3d 576, 581 (1st Cir. 1994).

## V.

## ANALYSIS

Plaintiffs allege that Defendant induced them into entering the Agreement by false pretenses, false representation, or actual fraud; thus, Plaintiffs request the Court determine that their claim is non-dischargeable. 11 U.S.C. § 523(a)(2)(A). In order to establish that a debt is non-dischargeable under Section 523(a)(2)(A), a creditor must demonstrate: (i) the debtor made a knowingly false representation or one made in reckless disregard of the truth; (ii) the debtor intended to deceive; (iii) the debtor intended to induce the creditor to rely upon the false statement; (iv) the creditor actually relied upon the misrepresentation; (v) the creditor's reliance was justifiable; and (vi) the reliance upon the false statement caused damage. *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997); *McCrory v. Spigel (In re Spigel)*, 260 F.3d 27, 32 (1st Cir. 2001).

A.  False Representation.

Defendant knowingly misrepresented i) that he was a licensed contractor; ii) that he had the financial resources or ability to complete the project; and iii) that he had a good working relationship with E.F. Winslow Plumbing and Heating Co.

B.  Intent.

Intent to deceive may be inferred from the totality of the circumstances, including circumstantial facts. *In re Leger*, 34 B.R. 873, 877 (Bankr. D. Mass. 1983); *see also Plamacci*, 121 F.3d at 790. Defendant made the above referenced misrepresentations knowing that they were express conditions required by Plaintiffs. Thus, it is clear that Defendant made such representations with the intent to deceive and induce Plaintiffs into entering the Agreement.

C.  Reliance.

Plaintiffs relied on Defendant's express representations in entering into the Agreement; and they would not have entered the Agreement but for such

representations. Plaintiffs must also prove that their reliance was justifiable. In evaluating whether the Plaintiffs' reliance was justifiable, "justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases. *Field v. Mans*, 516 U.S. 59 (1995); *Lucas v. Lyle (In re Lyle)*, 334 B.R. 324, 334 (Bankr. D. MA. 2005).

Defendant had an affirmative duty to disclose his qualifications as a licensed contractor with the experience necessary to complete the project. *In re Bazzano*, 173 B.R. 990, 994 (Bankr. M.D.N.C. 1994). Professional licenses carry with them a degree of presumed competence. *Kendrick v. Pleasants (In re Pleasants)*, 231 B.R> 893, 898 (Bankr. E.D.Va. 1999). A misrepresentation as to whether the debtor has such a license goes to the very essence of the agreement, i.e., the reliance by the contracting party that the debtor has the requisite knowledge, experience, and training to complete the work. *Gem Ravioli, Inc. v. Creta (In re Creta)*, 271 B.R. 214, 220 (1st Cir. B.A.P. 2002); *Parker v. Grant (In re Grant)*, 237 B.R. 97, 119 (Bankr. E.D. Va. 1999). Thus, Plaintiffs reliance on Defendant's representation is justifiable.

D.   Damages

When a creditor establishes that a debtor fraudulently induced the creditor to enter into a transaction by a misrepresentation that goes to the essence of the transaction, i.e., a debtor's training, competency or experience to complete the work contemplated by the transaction, the misrepresentation was a substantial factor in entering into the transaction, the debtor's work later appears defective, and the creditor suffers a loss, the creditor has established a prima facie case that the defects derive directly from the lack of professional qualifications of the debtor. *Grant*, 237 B.R. at 119; *Pleasants*, 231 B.R. 893. As a result of Defendant's representations, Plaintiffs paid

**MOTION FOR SUMMARY JUDGMENT**

Defendant $10,000; however, Defendant failed or refused to perform his obligations pursuant to the Agreement.

**WHEREFORE, PREMISES CONSIDERED** Plaintiffs respectfully request the Court enter judgment (i) declaring Plaintiffs' claim in the principal amount of $10,000, plus interest, and attorneys fees, non-dischargeable pursuant to Section 523(a)(2)(A); and (ii) grant such other and further relief as is just and equitable.

Respectfully submitted,

By: _____
Robert K. Dowd
Texas State Bar No. 06070800
3141 Hood St., Ste. 650
Dallas, Texas 75219
Telephone: (214) 922-9330

**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF CONFERENCE

I, the undersigned, spoke with counsel for Plaintiffs, who objects to Plaintiffs' *Motion for Summary Judgment*. Therefore, the Motion is being presented to the Court.

_____
Robert K. Dowd

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served via First Class U.S. Mail, postage prepaid, on Richard J. Cohen, P.O. Box 1085, Centerville, MA 02632 on this ___ day of July, 2007.

_____
Robert K. Dowd

## AFFIDAVIT OF ROBERT K. DOWD

STATE OF TEXAS §
§
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared Robert K. Dowd, who being first duly sworn, upon his oath stated as follows:

1. My name is Robert K. Dowd. I am over twenty-one (21) years of age, of sound mind, have never been convicted of a felony or of a crime of moral turpitude, and am fully competent to make this Affidavit. I have personal knowledge of the facts herein stated and such facts are true and correct.

2. On or about April 1, 2005, I entered into an agreement with Michael Grysho d/b/a Greyson Builders for the renovation of the property at 229 Old Main Street, South Yarmouth, Massachusetts, pursuant to that certain Proposal and Agreement for Price Planning dated April 1, 2005 (the "Agreement"), a true and correct copy of which is attached hereto as Exhibit "1."

3. Prior to entering into the Agreement, Grysho represented that he was a licensed builder, remodeler, or general contractor with the experience and the ability to request or pull all permits necessary to complete the renovations to the property. However, such representation was false.


PLAINTIFF'S EXHIBIT A

AFFIDAVIT

Page 1 of 3

4. Prior to entering into the Agreement, Grysho further represented that he had the financial resources or credit necessary to complete the renovations to the property. We expressly discussed and understood that the contract would be completed as an AIA contract to be paid on completion of each phase of the construction. He represented that he had completed several comparable projects on homes with values in excess of $500,000.

5. I specifically asked Grysho about his liabilities, including any amounts owed to the Internal Revenue Service, and any liens assessed against his assets. Although Grysho represented he had no such liabilities; in fact, he had not paid income taxes for the prior two years. Grysho further represented that he had sufficient credit to purchase materials necessary to complete the project.

6. I expressly requested E.F. Winslow Plumbing and Heating Co., as the sub-contractor for all plumbing and heating. Grysho represented that he had worked with Winslow in the past and had a good relationship with them. He further represented that he had obtained a bid from Winslow on the project. However, such representations were false; Winslow refused to work on any project wherein Grysho was involved as a result of past dealings with him.

7. On or about April 1, 2005, I paid Grysho $10,000 pursuant to the Agreement. [Proof of Payment]. Grysho failed or refused to perform his obligations pursuant to the Agreement. Any work that was completed was substandard.

AFFIDAVIT

Page 2 of 3

8.  I relied on the above express representations when entering into the Agreement. But for such representations, I would not have entered said Agreement.

FURTHER AFFIANT SAYETH NOT.

ROBERT K. DOWD, AFFIANT

SUBSCRIBED AND SWORN TO by ROBERT K. DOWD on this _30th_ of July, 2007.

SEAL: 

ELIZABETH R HOFSTETTER
Notary Public, State of Texas
My Commission Expires
March 19, 2008

Notary Public in and for the State of Texas

**AFFIDAVIT**

Page 3 of 3

## AFFIDAVIT OF GEORGEANA HUNTON

STATE OF ~~MASSACHUSETTS~~ Illinois §
§
COUNTY OF Will §

**BEFORE ME**, the undersigned authority, on this day personally appeared Georgeana Hunton, who being first duly sworn, upon her oath stated as follows:

1. My name is Georgeana Hunton. I am over twenty-one (21) years of age, of sound mind, have never been convicted of a felony or of a crime of moral turpitude, and am fully competent to make this Affidavit. I have personal knowledge of the facts herein stated and such facts are true and correct.

2. On or about April 1, 2005, I entered into an agreement with Michael Grysho d/b/a Greyson Builders for the renovation of the property at 229 Old Main Street, South Yarmouth, Massachusetts, pursuant to that certain Proposal and Agreement for Price Planning dated April 1, 2005 (the "Agreement"), a true and correct copy of which is attached hereto as Exhibit "1."

3. Prior to entering into the Agreement, Grysho represented that he was a licensed builder or general contractor with the experience and the ability to request or pull all permits necessary to complete the renovations to the property. However, such representation was false.

4. Prior to entering into the Agreement, Grysho further represented that he had the financial resources or credit necessary to complete the renovations to the property. We expressly discussed and understood that the contract would be completed as an AIA contract to be paid on completion of each

AFFIDAVIT                                                              Page 1 of 2


PLAINTIFF'S EXHIBIT
6

phase of the construction. He represented that he had completed several comparable projects on homes with values in excess of $500,000.

5. I expressly requested E.F. Winslow Plumbing and Heating Co., as the sub-contractor for all plumbing and heating. Grysho represented that he had worked with Winslow in the past and had a good relationship with them. However, such representations were false; Winslow refused to work on any project wherein Grysho was involved as a result of past dealings with him.

6. I relied on the above express representations when entering into the Agreement, but for such representations, I would not have entered said Agreement. On or about April 1, 2005, I paid Grysho $10,000 pursuant to the Agreement. [Proof of Payment]

7. Grysho failed or refused to perform his obligations pursuant to the Agreement. Any work that was completed was substandard.

FURTHER AFFIANT SAYETH NOT.

_____
GEORGEANA HUNTON, AFFIANT

SUBSCRIBED AND SWORN TO by GEORGEANA HUNTON on this
___21___ of June, 2007.

SEAL:

"OFFICIAL SEAL"
ILIANA JANET RIVERA
Notary Public, State of Illinois
My Commission Expires June 21, 2008

Iliana Janet Rivera
Notary Public in and for the
State of ~~Massachusetts~~ Illinois

AFFIDAVIT                                                                    Page 2 of 2

## AFFIDAVIT OF BILL SWANSON

STATE OF MASSACHUSETTS §
§
COUNTY OF Barnstable §

BEFORE ME, the undersigned authority, appeared Bill Swanson, known to me to be the person whose name is subscribed hereto and, after being duly sworn by me, stated as follows:

1. "My name is Bill Swanson, I am over the age of 18 years, of sound mind, and duly authorized to make this Affidavit. I have personal knowledge of all facts enumerated herein and will testify as to the truth of the matters stated herein if called upon to do so."

2. "I worked with Michael Grysho and was a partner of Michael Grysho, working on construction projects."

3. "I terminated my partnership with Mr. Grysho prior to the negotiations with Robert Dowd and Georgeana Hunton."

4. "I have personal knowledge and was present during some of the negotiations wherein Mr. Grysho made representations to Mr. Dowd and Ms. Hunton."

5. "I have personal knowledge that Michael Grysho did not have a Contractor License and did not have a Home Improvement Contractor License."

6. "I have personal knowledge that Michael Grysho used licensed builders ~~work~~ for him and that the building Inspector of Brewster would not issue any permits in which

Affidavit of Bill Swanson



1

Michael Grysho was to act as a builder or contractor because Michael Grysho was not licensed to obtain such permits."

7. "After Michael Grysho made the statements to Mr. Dowd and Ms. Hunton, I found out he had financial difficulties with the building supply companies and had not finished projects due to lack of financing."

8. "I have personal knowledge Mr. Dowd and Ms. Hunton entered into an agreement with Michael Grysho for the renovation of the property at 229 Old Main Street, South Yarmouth, Massachusetts, on April 1, 2005."

9. "I have personal knowledge Michael Grysho misrepresented himself to Mr. Dowd and Ms. Hutton as a licensed builder, remodeler, and general contractor with the experience and the ability to request or pull all permits necessary to complete the renovations to the property at 229 Old Main Street, South Yarmouth, Massachusetts."

10. "I have personal knowledge Mr. Dowd and Ms Hunton requested the contract would be completed as an AIA contract and paid on completion of each phase of the construction. Michael Grysho represented that he had the financial resources or credit necessary to complete the renovations to the property at 229 Old Main Street, South Yarmouth, Massachusetts."

11. "Further, I have knowledge Mr. Dowd and Ms Hunton asked Michael Grysho about his financial liabilities, including amounts owed to the Internal Revenue Service or any liens assessed against his assets. Michael Grysho represented he had no such liabilities. Later I found out that Michael Grysho had not paid income taxes for the prior two years."

Affidavit of Bill Swanson

2

12. "I have further knowledge that Michael Grysho had misrepresented to Mr. Dowd and Ms Hunton, that he had sufficient credit to purchase materials necessary to complete the renovations at 229 Old Main Street, South Yarmouth, Massachusetts, when he did not."

13. "I have knowledge that Mr. Dowd and Ms Hunton specifically requested E.F. Winslow Plumbing and Heating Co. be the sub contractor for all plumbing and heating work to be done on the project. Michael Grysho represented to Mr. Dowd and Ms Hunton that he had worked with Winslow in the past and had a good working relationship with him; when in fact, Winslow refused to work on any project where Grysho was involved, due to past dealings he had with him."

14. FURTHER, AFFIANT SAYETH NOT.

BILL SWANSON, AFFIANT

SUBSCRIBED AND SWORN TO by BILL SWANSON on this the __17__ day of ~~June~~ July, 2007.

SEAL:

Notary Public in and for the
State of Massachusetts



DELLA SATTIN
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
June 28, 2013

Affidavit of Bill Swanson

3

## AFFIDAVIT OF LINDA CIPRO

STATE OF MASSACHUSETTS §
                                     §
COUNTY OF Barnstable §

BEFORE ME, the undersigned authority, appeared Linda Cipro, known to me to be the person whose name is subscribed hereto and, after being duly sworn by me, stated as follows:

1. "My name is Linda Cipro, I am over the age of 18 years, of sound mind, and duly authorized to make this Affidavit. I have personal knowledge of all facts enumerated herein and will testify as to the truth of the matters stated herein if called upon to do so."

2. "I am employed in the Building Department of the Town of Yarmouth, in the State of Massachusetts. It is part of my duties to find out if builders are licensed in the State of Massachusetts."

3. "On the 8th day of June, 2007, pursuant to a telephone request from Robert K. Dowd, Dallas, Texas, Mr. Dowd's assistant, Liz Hofstetter, requested a search for John M. Grysho, aka Greyson Builders, to verify if he was a licensed contractor in the State of Massachusetts. I searched both names in the state records on the computer, http://www.mass.gov, Home Improvement Contractor Look Up and found neither names listed."



Affidavit of Linda Cipro

1

4.     "I then confirmed such information was not found in the records for the State of Massachusetts by written document attached, see Exhibit "A".

FURTHER, AFFIANT SAYETH NOT.

_____
LINDA CIPRO, AFFIANT

SUBSCRIBED AND SWORN TO by LINDA CIPRO on this the 18th day of June, 2007.

SEAL:

_____
Notary Public in and for the
State of Massachusetts



RHONDA L. LAFRANCE
Notary Public
Commonwealth of Massachusetts
My Commission Expires Sep 8, 2011

Affidavit of Linda Cipro

2

Results  Page 1 of 1

Http://www.mass.gov
BBRS

# Home Improvement Contractor Look Up

Enter Search terms separated by spaces. Search terms can be Town/City, Name, or License number

Select Search type: ● AND ○ OR [Search]

**Search Results**

| Reg. No. | Applicant | Street | City | State | Zip | Name | Title | Expiration |
|---|---|---|---|---|---|---|---|---|
| Total of 0 Records matched. | | | | | | | | |

Back to Home Page

BBRS Privacy Statement

John M Gryshko -
no name found during search in state database

Greyson Builders -
no business found in state database during search



EXHIBIT "A"

http://db.state.ma.us/bbrs/hic_ol

# ROBERT K. DOWD, P.C.
3141 HOOD STREET – SUITE 650
DALLAS, TEXAS 75219
(214) 922-9330 · (214) 922-9372 FACSIMILE
robertdowd@justice.com

*Robert K. Dowd*
*Attorney at Law*

June 15, 2007

<u>Via Fax 608-398-0836</u>
Linda Cipro
Town of Yarmouth
Building Department
1146 Route 28
South Yarmouth, Massachusetts 02664

Re:  Michael Grysho;
     Michael Grysho, aka, Greyson Builders

Dear Linda:

Attached you will find the following with regards to the above referenced matter:

1. Affidavit of Linda Cipro

This affidavit requires your signature and your signature to be notarized. Upon completion please mail the signed affidavit to our office at the above address. If you have any questions, please call me.

Thank you for help in this matter, we truly appreciate it.

Yours truly,

Liz Hofstetter
Assistant to Robert K. Dowd

eh

attachment