UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MASSACHUSETTS

_____
In re:
John M. Grysho
and Petra R. Grysho,                 Chapter 7
        Debtors                      Case No. 06-10001-WCH
_____

ROBERT K. DOWD
and GEORGEANA HUNTON,
        Plaintiffs
vs                                   AP 06-1208

JOHN M. GRYSHO and
PETRA R. GRYSHO,
        Defendants
_____

**DEBTORS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AND RESPONSIVE COUNTER-MOTION
FOR PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS**

To: The Honorable William C. Hillman, United States Bankruptcy Judge.

　　　Now come the debtors John M. Grysho and Petra R. Grysho and in opposition to the Plaintiffs' motion for summary judgment, say as follows:

PARTICULAR RESPONSES
Preliminary: (*parties, jurisdiction*) Admitted.

1.　(*Agreement with Michael Grysho to renovate [So. Yarmouth] property pursuant to [terms of] April 1, 2005 document*) Denied; Plaintiffs are put to their entire proof as to this material disputed fact.

2.　(John *Grysho and the customer made [a first set of] binding pre-Agreement representations*) Denied; Plaintiffs are put to their entire proofs as to this material disputed fact.  Any and all alleged "*pre-Agreement*" promises, even if made, and which defendants do not admit but deny, would be entirely waived insofar as they were not incorporated into the parties' final written agreement, and further, insofar as these alleged parol terms are inconsistent with the parties' final mutual writing, such parol terms must be ignored, i.e., excluded from the set of legal relationships which do bind the parties.

3.　(John *Grysho and the customer made [a second set of] binding pre-Agreement representations, viz., that defendant had the "financial resources" to fully fund, in advance, each phase of the construction*) Denied; the defendant as a local builder would not and did not volunteer to "advance" any of his own funds to prepay any construction phases for this customer nor did the builder promise to advance labor costs out of his pocket, i.e., in advance of payment; further, the defendant builder and did not subscribe to any subsequent writings which would create or expand the builder's obligations to do so.

4.  (*Plaintiffs specifically inquired about "Internal Revenue Service...liens" and [the availability of] "sufficient credit to complete the project"*) Denied as utter factual contrivance; not only did such inquiries by Plaintiffs not take place, but no such "representations" by the debtor/builder took place.

    Plaintiffs' allegations here are self-contradictory and are evidently invoked purely for the purpose of creating an artificial "reliance" theory, i.e., on the one hand, to allege a promise by debtor to pre-pay the customers' construction materials, and then on the other hand, to claim that the "failure" of debtor to finance the materials, etc. "injured" the customers.

5.  (*Plaintiffs "expressly requested" a specific sub-contractor*) Denied that such a request, even if made, was binding, and Plaintiffs are put to their entire proof as to this disputed material fact.

6.  (*$10,000 payment; defendants failed to perform*) Denied; plaintiffs are put to their entire proofs as to this alleged fact. Plaintiffs want a windfall: their advance monies returned, after getting the benefit of the advance payment; (a) $10,000 was paid in advance to the debtor for preliminary work (site review, organization of sub-contractor schedules, Town Board meetings, materials costing, etc.) and (b) $10,000 worth of work was in fact accomplished by the builder/debtor before they parted company.

7.  (*The alleged representations by debtor (financial resources) were intended to induce customers' entry into the construction Agreement; (b) reliance [on the builder's "solvency" and ability to lay out monies for the customers], and (c) but for representations the customers/plaintiffs would not have entered into Agreement*) Denied; Plaintiffs are put to their entire proof as to these disputed material facts.

AFFIRMATIVE RESPONSES:
ISSUES OF FACT WHICH ARE OPEN AND UNRESOLVED, AND REQUIRE TRIAL

8.  Plaintiffs never contracted with debtor for "builder-advanced" cash to construct, nor for that matter would a modest-sized, rational private contractor *volunteer* to use his own funds to expend money <u>in advance</u> to pay for materials to place into the construction of someone else's property. Were that the case, it would be more likely the <u>builder</u>, not the customer who would be asking about any "IRS liens".

9.  Plaintiffs' $10,000 prepayment constitutes an explicit indication that there was never a "builder-advance" term in the parties' agreement to renovate, but instead, the opposite.

10. Plaintiffs paid an initial $10,000 for the debtor/builder to review plans, for site preparations, for the appearance of the builder at various Town and zoning offices, and for the advance reservations with sub-contractors, etc., all necessary to commence an actual project. Moreover, there is no restriction alleged by plaintiffs on the use of these advanced funds, but the funds represent a reasonable "retainer" for the circumstances, to be followed by other payments as the work progressed.

DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT:
IN FAVOR OF PETRA R. GRYSHO

11. There is no allegation in Plaintiffs' motion for Summary Judgment which even indirectly implicates the builder's wife, Petra Grysho, whereby even if the facts as alleged by the Plaintiffs were true —which debtors do not admit but deny- Mrs. Petra Grysho would be entitled to Summary Judgment in her favor on these claims.

**WHEREFORE**, the plaintiffs' motion for summary judgment should be denied, and the defendants' counter-motion for partial summary judgment should be granted.

August 2, 2007                    Respectfully submitted

John M. and Petra R. Grysho, Debtors,
By their counsel

/s/ Richard J. Cohen
_____
Richard J. Cohen, Esq. (BBO 090240)
P.O. Box 1085
Centerville, MA 02632
(508)771-6400/FAX:(508)771-6216

```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF MASSACHUSETTS
```

_____
In re:
JOHN M. GRYSHO
and PETRA R. GRYSHO,                    Chapter 7
         Debtors                        Case No. 06-10001-WCH
_____

ROBERT K. DOWD
and GEORGEANA HUNTON,
         Plaintiffs
vs                                      AP 06-1208

JOHN M. GRYSHO and
PETRA R. GRYSHO,
         Defendants
_____

### CERTIFICATE OF SERVICE
_____

   The undersigned hereby certifies that on the date set forth below the foregoing pleading: Debtors' Opposition to Plaintiffs' Motion for Summary Judgment was served (a) by electronic transmission to the Clerk, US Bankruptcy Court via the Court's CM/ECF system, and simultaneously through such transmission to the parties also electronically noticed thereby, plus, (b) where electronic transmission is inapplicable, service of the same was effected either via 1st class US mail, prepaid or by telefax, all as set forth in "A" herein below.

Dated: August 2, 2007                   /s/ *Richard J. Cohen, Esq.*
                                        _____
                                        Richard J. Cohen

"A"
***by CM/ECF electronic transmission***
Office of US Trustee
Chapter 7 Trustee
ECF addressees

***by non-electronic transmission (mail service or telefax)***
Mr. and Mrs. Grysho
c/o email